IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-02876-BNB

ERNEST SELHIME,

    Plaintiff,

v.

ERIC C. CARLSON, Medical Doctor,
JACOB F. PATTERSON, Medical Doctor,
DANNY ENGLAND, Physician's Assistant,
ROYAL HAVENS, Physician's Assistant,
SUSAN M. TIONA, Medical Doctor,
MARY GRIEB, Registered Nurse,
MARK WIENPHAL, Medical Doctor,
NOVA WALKER, Registered Nurse,
K.K., Unknown Name, Nurse Initials,
JODY BUFFMACK, Registered Nurse, and
ST. THOMAS MORE HOSPITAL,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Ernest Selhime, is a prisoner in the custody of the Colorado Department of Corrections and currently is incarcerated at the Colorado Territorial Correctional Facility in Cañon City, Colorado. Mr. Selhime, acting *pro se*, initiated this action by filing a Prisoner Complaint alleging that his constitutional rights were violated. He seeks declaratory and injunctive relief and compensatory and punitive damages.

    The Court must construe the Complaint liberally because Mr. Selhime is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d

1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Selhime will be ordered to file an Amended Complaint and assert how all named parties violated his constitutional rights.

Although Mr. Selhime has indicated personal participation by Defendants Eric C. Carlson, Jacob F. Patterson, Danny England, Royal Havens, Susan M. Tiona, Mary Grieb, Mark Wienphal, Nova Walker, K.K. and St. Thomas More Hospital, in the constitutional violations set forth in the Complaint, he fails to state any personal participation by Defendant Jody Buffmack. To establish personal participation, Mr. Selhime must show how each individual caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that they cause. *See Dodds v. Richardson, et al.* ,614 F.3d 1185 (10th Cir. 2010) (Tymkovich, J., concurring).

To state a claim in federal court, Mr. Selhime must explain in his Amended Complaint what each defendant did to him, when the defendant did the action, how the action harmed him, and what specific legal right he believes the defendant violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Selhime file within thirty days from the date of this Order an Amended Complaint that is in keeping with the above directives. It is

FURTHER ORDERED that Mr. Selhime shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that if Mr. Selhime fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the Court will proceed with a review of the merits of only the claims asserted against Defendants Eric C. Carlson, Jacob F. Patterson, Danny England, Royal Havens, Susan M. Tiona, Mary Grieb, Mark Wienphal, Nova Walker, K.K. and St. Thomas More Hospital. It is

FURTHER ORDERED that process shall not issue until further order of the Court.

DATED December 27, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge